# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD GWALTNEY,           )
                            )
            Plaintiff,      )
                            )
    v.                      )        1:16CV426
                            )
DR. DAVID LITHFORD, et al., )
                            )
            Defendants.     )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal for lack of subject matter jurisdiction.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the Court may "apply common sense," Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)), and consider subject matter jurisdiction as part of the frivolity review, Overstreet v. Colvin, No. 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")).

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."

-2-

In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, has the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## **ANALYSIS**

The Complaint alleges that Plaintiff resides in Kannapolis, North Carolina, and that Defendant Dr. David Lithford resides in Charlotte, North Carolina. (Docket Entry 2 at 1.) Therefore, Plaintiff fails to carry his burden of establishing subject matter jurisdiction through diversity, as Plaintiff and at least one defendant are both residents of North Carolina, circumstances precluding diversity jurisdiction, see 28 U.S.C. § 1332(a). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete

-3-

diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina.").

Moreover, Plaintiff's Complaint does not assert any claims under the United States Constitution, federal law, or federal treaties, see 28 U.S.C. § 1331; instead, it asserts a state-law claim for medical malpractice, see N.C. Gen. Stat. §§ 90-21.11 et seq. (See Docket Entry 2 at 2 (alleging improper medical treatment); see also Docket Entry 1 at 1 (asserting that "[t]he nature of this action is: [m]edical [m]alpractice"); Docket Entry 3 at 1 (identifying "malpractice" as the cause of action).)[1] Notably, the Complaint alleges no factual matter that would support an inference of state action by Defendants. See Kidwell v. Transportation Commc'ns Int'l Union, 946 F.2d 283, 297 (4th Cir.

---

[1] The Complaint alleges that Defendant(s) allegedly "[s]ent [Plaintiff] home without medication[;] [f]orced [him] to [say] [he] was [b]ipolar[;] [d]id not release [him] for 30 days[;] [p]ut [him] on insulin - [he] lost [his] job." (Docket Entry 2 at 2.) Plaintiff attached a number of documents to the Complaint that seemingly contradict these assertions. (See Docket Entry 2-1.) Specifically, to the extent the Complaint alleges that certain Defendants held Plaintiff against his will for 30 days, the attached documents show that, on November 1, 2015, Plaintiff visited the emergency room seeking treatment for a scratch that he sustained on the left side of his neck during an assault. (Id. at 7.) The documents further establish that doctors discharged Plaintiff less than four hours after admitting him. (Id. (showing admission time of "00:19" and discharge time of "04:02").) Such contradictions further render this action frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .").

1991) (observing that "[s]tate action has been found where the deprivation of constitutional rights has been caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and where the private party charged with the deprivation could be described in all fairness as a state actor" (internal quotation marks and citation omitted)). The Complaint thus, as a matter of law, fails to establish subject matter jurisdiction in federal court, and the obviousness of this defect renders this action legally frivolous under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of entering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 13, 2016